UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FREDDY DE JESUS SANCHEZ, FRANCISCO GONZALEZ
CARDENAS, SAMUEL MARTINEZ, ANTONIO CUEVAS
MAURICIO, NORBERTO GARCIA LUCIO, CRUZ LEYVA
JOVENCIO, PASCUAL CHAVEZ DELA ROSA, ANGEL
SEBASTIAN EUSEBIO CORTES and ANGEL MARCELINO
DIONICIO, individually and on behalf of all others similarly
situated,

**CLASS/COLLECTIVE
ACTION COMPLAINT**

                                        Plaintiffs,

**JURY TRIAL
REQUESTED**

                    -against-

COSAN CONSTRUCTION CORP., AMCG INC. and
TERENCE FERGUSON and AARON KING, as individuals,

                                        Defendants.
------------------------------------------------------------------------X

        Plaintiffs **FREDDY DE JESUS SANCHEZ, FRANCISCO GONZALEZ
CARDENAS, SAMUEL MARTINEZ, ANTONIO CUEVAS MAURICIO**, **NORBERTO
GARCIA LUCIO, CRUZ LEYVA JOVENCIO**, **PASCUAL CHAVEZ DELA ROSA,
ANGEL SEBASTIAN EUSEBIO CORTES and ANGEL MARCELINO DIONICIO**,
individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by
their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to
himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, bring this action against
   **COSAN CONSTRUCTION CORP., AMCG INC. and TERENCE FERGUSON
   and AARON KING**, as individuals**, (collectively hereinafter, "Defendants") to
   recover damages for Defendants' egregious violations of state and federal wage and
   hour laws arising out of Plaintiff's employment with the Defendants located at 734
   South Columbus Ave., Mount Vernon, NY 10550 and 941 Mclean Ave., Yonkers, NY
   10704.

1

2.  As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4.  This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5.  Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7.  Plaintiff FREDDY DE JESUS SANCHEZ residing at Bronx, NY 10461 was employed by COSAN CONSTRUCTION CORP. and AMCG INC., from in or around July 2020 until in or around March 2021.

8.  Plaintiff FRANCISCO GONZALEZ CARDENAS residing at Bronx, NY 10452 was employed by COSAN CONSTRUCTION CORP. and AMCG INC., from in or around August 2020 until in or around May 2021.

9.  Plaintiff SAMUEL MARTINEZ residing at Bronx, NY 10714 was employed by COSAN CONSTRUCTION CORP. and AMCG INC., from in or around October 2020 until in or around January 2022.

10. Plaintiff ANTONIO CUEVAS MAURICIO residing at Bronx, NY 10459 was employed by COSAN CONSTRUCTION CORP. and AMCG INC., from in or around April 2020 until in or around April 2021.

11. Plaintiff NORBERTO GARCIA LUCIO residing at Bronx, NY 10452 was employed by COSAN CONSTRUCTION CORP. and AMCG INC., from in or around March 2018 until in or around March 2022.

12. Plaintiff CRUZ LEYVA JOVENCIO residing at Bronx, NY 10472 was employed by COSAN CONSTRUCTION CORP. and AMCG INC., from in or around March 2018 until in or around November 2019.

13. Plaintiff PASCUAL CHAVEZ DELA ROSA residing at Bronx, NY 10472 was employed by COSAN CONSTRUCTION CORP. and AMCG INC., from in or around March 2020 until in or around April 2021.

14. Plaintiff ANGEL SEBASTIAN EUSEBIO CORTES residing at Bronx, NY 10472 was employed by COSAN CONSTRUCTION CORP. and AMCG INC., from in or around March 2020 until in or around March 2021.

15. Plaintiff ANGEL MARCELINO DIONICIO residing at Bronx, NY 10460 was employed by COSAN CONSTRUCTION CORP. and AMCG INC., from in or around November 2017 until in or around May 2022.

16. Upon information and belief, Defendant COSAN CONSTRUCTION CORP., is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 734 South Columbus Ave., Mount Vernon, NY 10550.

17. Upon information and belief, Defendant AMCG INC., is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 941 Mclean Ave., Yonkers, NY 10704.

18. Upon information and belief, Defendants TERENCE FERGUSON and AARON KING are the owners of COSAN CONSTRUCTION CORP. and AMCG INC.

19. Upon information and belief, Defendants TERENCE FERGUSON and AARON KING are agents of COSAN CONSTRUCTION CORP. and AMCG INC.

20. Upon information and belief, Defendants TERENCE FERGUSON and AARON KING are responsible for overseeing the daily operations of COSAN CONSTRUCTION CORP. and AMCG INC.

21. Upon information and belief, TERENCE FERGUSON and AARON KING have power and authority over all the final personnel decisions of COSAN CONSTRUCTION CORP. and AMCG INC.

22. Upon information and belief, TERENCE FERGUSON and AARON KING have the power and authority over all final payroll decisions of COSAN CONSTRUCTION CORP. and AMCG INC., including the Plaintiffs.

23. Upon information and belief, TERENCE FERGUSON and AARON KING have the exclusive final power to hire the employees of COSAN CONSTRUCTION CORP. and AMCG INC., including the Plaintiffs.

24. Upon information and belief, TERENCE FERGUSON and AARON KING have exclusive final power over the firing and terminating of the employees of COSAN CONSTRUCTION CORP. and AMCG INC., including Plaintiffs.

25. Upon information and belief, TERENCE FERGUSON and AARON KING are responsible for determining, establishing, and paying the wages of all employees of COSAN CONSTRUCTION CORP. and AMCG INC., including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

26. Accordingly, at all relevant times hereto, Defendants TERENCE FERGUSON and AARON KING were Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

27. At all times relevant to the allegations contained in the complaint, Corporate Defendants were joint employers of Plaintiffs within the meaning and intent of the FLSA and the NYLL.

28. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that COSAN CONSTRUCTION CORP. and AMCG INC., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
## FREDDY DE JESUS SANCHEZ

29. Plaintiff FREDDY DE JESUS SANCHEZ was employed by COSAN CONSTRUCTION CORP. and AMCG INC. as a mason and bricklayer while performing related miscellaneous duties for the Defendants, from in or around July 2020 until in or around March 2021.

30. Plaintiff FREDDY DE JESUS SANCHEZ regularly worked five (5) days per week, twice a month and six (6) days per week, twice a month, during his employment with the Defendants.

31. Plaintiff was regularly required to work approximately fifty-two and a half (52.5) hours each week when Plaintiff worked five (5) days per week and sixty-three (63) hours each week when Plaintiff worked six (6) days per week.

32. On the average, Plaintiff worked approximately fifty-eight (58) hours or more hours each from in or around July 2020 until in or around March 2021.

33. Plaintiff FREDDY DE JESUS SANCHEZ was paid by Defendants a flat hourly rate of approximately $35.00 per hour without regard for the number of hours worked from in or around July 2020 until in or around March 2021.

34. Although Plaintiff regularly worked approximately (58) hours or more hours each week from in or around July 2020 until in or around March 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## FRANCISCO GONZALEZ CARDENAS

35. Plaintiff FRANCISCO GONZALEZ CARDENAS was employed by COSAN CONSTRUCTION CORP. and AMCG INC. as a mason and bricklayer while performing related miscellaneous duties for the Defendants, from in or around August 2020 until in or around May 2021.

36. Plaintiff FRANCISCO GONZALEZ CARDENAS regularly worked five (5) days per week, twice a month and six (6) days per week, twice a month, during his employment with the Defendants.

37. Plaintiff was regularly required to work approximately fifty-two and a half (52.5) hours each week when Plaintiff worked five (5) days per week and sixty-three (63) hours each week when Plaintiff worked six (6) days per week.

38. On the average, Plaintiff worked approximately fifty-eight (58) hours or more hours each from in or around August 2020 until in or around May 2021.

39. Plaintiff FRANCISCO GONZALEZ CARDENAS was paid by Defendants a flat weekly rate of approximately $31.00 per hour without regard for the number of hours worked from in or around August 2020 until in or around May 2021.

40. Although Plaintiff regularly worked approximately (58) hours or more hours each week from in or around August 2020 until in or around May 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Furthermore, Plaintiff was not compensated at all for his last week of employment by the Defendants.

## SAMUEL MARTINEZ

42. Plaintiff SAMUEL MARTINEZ was employed by COSAN CONSTRUCTION CORP. and AMCG INC. as a laborer, scaffolder, concrete mixer and bricklayer while performing related miscellaneous duties for the Defendants, from in or around February 2019 until in or around December 2021.

43. Plaintiff SAMUEL MARTINEZ regularly worked five (5) days to six (6) days per week, during his employment with the Defendants.

44. Plaintiff was regularly required to work approximately fifty-five (55) hours each week from in or around February 2019 until in or around December 2021.

45. Plaintiff SAMUEL MARTINEZ was paid by Defendants a flat hourly rate of approximately $19.00 per hour without regard for the number of hours worked from in or February 2019 until in or around September 2019 and approximately $22.00 per hour without regard for the number of hours worked from in or around October 2019 until in or around December 2021.

46. Although Plaintiff regularly worked approximately fifty-five (55) hours each week from in or around February 2019 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

47. Furthermore, Plaintiff was not compensated at all for his last week of employment by the Defendants.

## ANTONIO CUEVAS MAURICIO

48. Plaintiff ANTONIO CUEVAS MAURICIO was employed by COSAN CONSTRUCTION CORP. and AMCG INC. as a laborer, scaffolder, concrete mixer and bricklayer while performing related miscellaneous duties for the Defendants, from in or around April 2020 until in or around April 2021.

49. Plaintiff ANTONIO CUEVAS MAURICIO regularly worked six (6) days per week, during his employment with the Defendants.

50. Plaintiff was regularly required to work approximately sixty-four (64) hours per week from in or around April 2020 until in or around April 2021.

51. Plaintiff ANTONIO CUEVAS MAURICIO was paid by Defendants a flat hourly rate of approximately:

    i.    $20.00 per hour without regard for all hours worked from in or around April 2020 until in or around December 2020; and

    ii.   $21.00 per hour without regard for all hours worked from in or around January 2021 until in or around April 2021.

52. Although Plaintiff regularly worked approximately sixty-four (64) hours per week from in or around April 2020 until in or around April 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## NORBERTO GARCIA LUCIO

53. Plaintiff NORBERTO GARCIA LUCIO was employed by COSAN CONSTRUCTION CORP. and AMCG INC. as a mason and bricklayer while performing related miscellaneous duties for the Defendants, from in or around March 2018 until in or around March 2022.

54. Plaintiff NORBERTO GARCIA LUCIO regularly worked six (6) days per week, during his employment with the Defendants.

55. Plaintiff was regularly required to work approximately sixty-two and a half (62.5) hours per week from in or around March 2018 until in or around March 2022.

56. Plaintiff NORBERTO GARCIA LUCIO was paid by Defendants a flat hourly rate of approximately:

　　　i. $28.00 per hour without regard for the number of hours worked from in or around March 2018 until in or around December 2018; and

　　　ii. $35.00 per hour without regard for the number of hours worked from in or around January 2019 until in or around March 2022.

57. Although Plaintiff regularly worked approximately sixty-two and a half (62.5) hours per week from in or around March 2018 until in or around March 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## CRUZ LEYVA JOVENCIO

58. Plaintiff CRUZ LEYVA JOVENCIO was employed by COSAN CONSTRUCTION CORP. and AMCG INC. as a laborer, scaffolder and block cutter while performing related miscellaneous duties for the Defendants, from in or around March 2018 until in or around November 2019.

59. Plaintiff CRUZ LEYVA JOVENCIO regularly worked six (6) days per week, during his employment with the Defendants.

60. Plaintiff was regularly required to work approximately sixty-three (63) hours per week from in or around March 2018 until in or around November 2019.

61. Plaintiff CRUZ LEYVA JOVENCIO was paid by Defendants a flat hourly rate of approximately $18.00 per hour without regard for the number of hours worked from in or around March 2018 until in or around November 2019.

62. Although Plaintiff regularly worked approximately sixty-three (63) hours per week from in or around March 2018 until in or around November 2019, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## PASCUAL CHAVEZ DELA ROSA

63. Plaintiff PASCUAL CHAVEZ DELA ROSA was employed by COSAN CONSTRUCTION CORP. and AMCG INC. as a mason while performing related miscellaneous duties for the Defendants, from in or around March 2020 until in or around April 2021.

64. Plaintiff PASCUAL CHAVEZ DELA ROSA regularly worked five (5) to six (6) days per week, during his employment with the Defendants.

65. Plaintiff was regularly required to work approximately forty-six (46) hours to fifty-five (55) hours per week from in or around March 2020 until in or around April 2021.

66. As such, Plaintiff regularly worked an average of fifty-and-a-half (50.5) hours per week.

67. Plaintiff PASCUAL CHAVEZ DELA ROSA was paid by Defendants a flat weekly rate of approximately $28.00 per hour without regard for the number of hours worked from in or around March 2020 until in or around April 2021.

68. Although Plaintiff regularly worked approximately forty-six and a half (46.5) hours to fifty-five (55) hours per week from in or around March 2020 until in or around April 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

**ANGEL SEBASTIAN EUSEBIO CORTES**

69. Plaintiff ANGEL SEBASTIAN EUSEBIO CORTES was employed by COSAN
CONSTRUCTION CORP. and AMCG INC. as a brick layer while performing related
miscellaneous duties for the Defendants, from in or around March 2020 until in or
around March 2021.

70. Plaintiff ANGEL SEBASTIAN EUSEBIO CORTES regularly worked five (5) to six
(6) days per week, during his employment with the Defendants.

71. Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5) to
fifty-one (51) hours per week, depending on the number of days worked, from in or
around March 2020 until in or around March 2021.

72. Thus, Plaintiff regularly worked an average of forty-six-and-a-half (46.5) hours per
week.

73. Plaintiff ANGEL SEBASTIAN EUSEBIO CORTES was paid by Defendants a flat
hourly rate of approximately $32.00 per hour without regard for the number of hours
worked from in or around March 2020 until in or around March 2021.

74. Although Plaintiff regularly worked approximately forty-two-and-a-half (42.5) to fifty-
one (51) hours per week hours per week from in or around March 2020 until in or
around March 2021, the Defendants did not pay Plaintiff at a wage rate of time and a
half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant
violation of the overtime provisions contained in the FLSA and NYLL.

**ANGEL MARCELINO DIONICIO**

75. Plaintiff ANGEL MARCELINO DIONICIO was employed by COSAN
CONSTRUCTION CORP. and AMCG INC. as a laborer and driver while performing
related miscellaneous duties for the Defendants, from in or around November 2017
until in or around May 2022.

76. Plaintiff ANGEL MARCELINO DIONICIO regularly worked five (5) to six (6) days
per week, during his employment with the Defendants.

77. Plaintiff was regularly required to work approximately fifty-two and half (52.5) to
sixty-three (63) hours per week from in or around November 2017 until in or around
May 2022.

78. Thus, Plaintiff regularly worked an average of fifty-seven-and-a-half (57.5) hours per week.

79. Plaintiff ANGEL MARCELINO DIONICIO was paid by Defendants a flat hourly rate of approximately:

  i.   $25.00.00 per hour without regard for the number of hours worked from in or around November 2017 until in or around December 2018;

  ii.  $28.00.00 per hour without regard for the number of hours worked from in or around January 2019 until in or around December 2019; and

  iii. $30.00.00 per hour without regard for the number of hours worked from in or around January 2020 until in or around May 2022.

80. Although Plaintiff regularly worked approximately fifty-two and half (52.5) to sixty-three (63) hours per week from in or around March 2020 until in or around March 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

81. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

82. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

83. Additionally, Defendants willfully failed to provide Plaintiffs with a written notice, in English, of their applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

84. Upon information and belief, Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

85. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek statutory interest,

attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

86. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

87. Collective Class: All persons who are or have been employed by the Defendants as masons, laborers, bricklayers, scaffolders, block cutters and concrete mixers, drivers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

88. Upon information and belief, Defendants employed over 100 employees during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

89. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

90. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

91. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

92. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

93. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated

employees are known to Defendants and are readily identifiable through Defendants' records.

94. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

95. The claims of Plaintiff are typical of the claims of the whole putative class.

96. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

97. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

98. Plaintiffs sue on their own behalf and as the class representative (hereinafter referred to as the "New York Class Representative") and bring the Second and Fourth Causes of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

>    masons, laborers, bricklayers, scaffolders, block cutters and concrete mixers, drivers or other similarly titled personnel who are currently or have been employed by the Defendants at COSAN CONSTRUCTION CORP. and AMCG INC., located at 734 South Columbus Ave., Mount Vernon, NY 10550 and 941 Mclean Ave., Yonkers, NY 10704 and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for all hours over 40 each workweek during the 6 years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

99. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

100.    There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a.   Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

b.   Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

c.   Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;

d.   Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

e.   The proper measure of damages sustained by the New York Class Representative and the New York Class; and

f.   Whether Defendants should be enjoined from such violations in the future.

101.   The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

102.   A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

103.   Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages and minimum wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

104.   Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

14

105.    Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class
        members were subjected to Defendants' policies, practices, programs, procedures,
        protocols and plans alleged herein concerning the non-payment of overtime wages and
        the failure to keep adequate records. The job duties of Plaintiffs are typical of those of
        the class members.

        The New York Class Representatives intends to send notice to all members of the New
        York Class to the extent required by Rule 23.

## <u>FIRST CAUSE OF ACTION</u>

### Overtime Wages Under The Fair Labor Standards Act

106.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding
        paragraphs.

107.    Plaintiffs have consented in writing to be a party to this action, pursuant to 29
        U.S.C. §216(b).

108.    At all times relevant to this action, Plaintiffs were engaged in commerce or the
        production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and
        207(a).

109.    At all times relevant to this action, Defendants were employers engaged in
        commerce or the production of goods for commerce within the meaning of
        29 U.S.C. §§206(a) and 207(a).

110.    Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in
        excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the
        regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation
        of 29 U.S.C. §207(a)(1).

111.    Defendants' violations of the FLSA as described in this Complaint have been
        willful and intentional. Defendants have not made a good effort to comply with the
        FLSA with respect to the compensation of the Plaintiffs.

112.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from
        Defendants, jointly and severally, their unpaid wages and an equal amount in the form
        of liquidated damages, as well as reasonable attorneys fees and costs of the action,
        including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

113.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

114.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

115.    Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

116.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

117.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

118.    Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

119.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

120.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### Unpaid Wages Under The New York Labor Law

121.    Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

122.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

123.    Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

124.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

125.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

126.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

127.    Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

128.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

129.    Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

17

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a.  Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b.  Awarding Plaintiff's unpaid overtime wages;

c.  Awarding Plaintiff's unpaid wages;

d.  Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e.  Awarding Plaintiffs prejudgment and post-judgment interest;

f.  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:   October  3, 2022
         Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FREDDY DE JESUS SANCHEZ, FRANCISCO GONZALEZ CARDENAS, SAMUEL MARTINEZ, ANTONIO CUEVAS MAURICIO, NORBERTO GARCIA LUCIO, CRUZ LEYVA JOVENCIO, PASCUAL CHAVEZ DELA ROSA, ANGEL SEBASTIAN EUSEBIO CORTES and ANGEL MARCELINO DIONICIO, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

COSAN CONSTRUCTION CORP., AMCG INC. and TERENCE FERGUSON and AARON KING, as individuals,

Defendants,

---

**COLLECTIVE ACTION COMPLAINT**

---

*Jury Trial Demanded*

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

---

<u>To</u>:

**Service via Secretary of State and Personal Service:**
**<u>COSAN CONSTRUCTION CORP. (DOS ID#4540926)</u>**
734 South Columbus Ave., Mount Vernon, NY 10550

**<u>AMCG INC.(DOS ID#4641207)</u>**
941 Mclean Ave., Yonkers, NY 10704

**<u>TERENCE FERGUSON</u>**
734 South Columbus Ave., Mount Vernon, NY 10550
941 Mclean Ave., Yonkers, NY 10704

19

**<u>AARON KING</u>**
734 South Columbus Ave., Mount Vernon, NY 10550
941 Mclean Ave., Yonkers, NY 10704